# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| Maria C. M., | Case No. 2:24-cv-01936-DJA |
| Plaintiff, | |
| v. | **Order**<br>**and** |
| Social Security Office, DETR, | **Report and Recommendation**[1] |
| Defendants. | |

On August 18, 2025, the undersigned magistrate judge denied pro se Plaintiff Maria C. M.'s application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee) without prejudice. (ECF No. 9). The undersigned gave Plaintiff until September 17, 2025, to file a completed application or to pay the filing fee. (*Id.*). The undersigned added that "Plaintiff is advised that failure to comply with this order may result in a recommendation to the district judge that her case be dismissed." (*Id.*). Plaintiff has missed the September 17, 2025, deadline and, to date, has not filed anything further into this case. The undersigned magistrate judge therefore recommends dismissal of this action without prejudice. Because Plaintiff has not paid the filing fee or applied to proceed without paying that fee, the undersigned further recommends denying Plaintiff's pending motion for "reimbursement of benefits." (ECF No. 7).

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to

---

[1] This case has been assigned to the magistrate judge consent program. (ECF Nos. 2, 3). However, Plaintiff has not served any Defendants, so those Defendants have not consented to the undersigned's jurisdiction over this case. The undersigned will therefore order that this case be randomly assigned to a district judge who will then determine this report and recommendation under 28 U.S.C. § 636(b)(1)(A).

dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice.  *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e).  The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes this goal.  The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with a Court order or initiate this action by paying the filing fee or applying to proceed without paying it.  The third factor weighs in favor of dismissal because the longer this case is carried on, it becomes more likely that evidence may be lost.  The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors.  Fifth, while Plaintiff has not successfully applied to proceed without paying the filing fee, she has sought this relief, indicating that she will be unable to pay monetary sanctions.  And there are no less drastic sanctions when Plaintiff will not comply with Court orders.  So, the fifth factor weighs in favor of dismissal.  The undersigned thus recommends dismissing Plaintiff's case without prejudice.  A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.

## ORDER

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to randomly assign a district judge to this matter.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice** and that Plaintiff's motion for reimbursement of benefits (ECF No. 7) be **denied.**  The Clerk of Court is kindly directed to send a copy of this recommendation to Plaintiff.

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: February 19, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE